USDC SCAN INDEX SHEET











USA

PIAZZA

ACR
3:96-CR-00626
*12*
*CRSENMEM.*

1  ALAN D. BERSIN
   United States Attorney
2  DEBRA R. TORRES-REYES
   Assistant U. S. Attorney
3  California State Bar No. 146724
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone:  (619) 557-5766

6  Attorneys for Plaintiff
   United States of America
7



8
                  UNITED STATES DISTRICT COURT
9
                SOUTHERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA, )   Crim. Case No. 96-0626-J
                              )
12                Plaintiff,  )   DATE:   November 18, 1996
                              )   TIME:   8:15 a.m.
13        v.                  )
                              )   GOVERNMENT'S   SENTENCING
14  NICHOLAS ANTHONY PIAZZA,  )   RECOMMENDATION
                              )
15                Defendant.  )
    ──────────────────────────)
16

17      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and

18  through its counsel, ALAN D. BERSIN, United States Attorney, for

19  the Southern District of California, and Debra R. Torres-Reyes,

20  Assistant United States Attorney, hereby submits its Sentencing

21  Summary Chart pursuant to Paragraph 8 of the Court's second

22  revised General Order No. 350.

        DATED:  November 14, 1996.
23
                              ALAN D. BERSIN
24                            Assistant U.S. Attorney
25
26                            DEBRA R. TORRES-REYES
                              Assistant U.S. Attorney
27
28  DTR:prf:C:\SENTENCE.SUM\TORRESRE.YES\PIAZZA.SSC
    (11/14/96)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I

STATEMENT OF FACTS

The court is respectfully referred to the Statement of Facts in the Pre-Sentence Report ("PSR") filed on August 27, 1996, and incorporated herein.

II

STATEMENT OF CASE

Defendant entered a guilty plea to Count One of Information No. 96-0626-J on April 1, 1996.  A plea agreement, attached hereto as Attachment 1, was filed on the same day.

III

PRESENTENCE REPORT

The presentence report concluded that defendant's adjusted offense level is 17 with a Criminal History Category of I.  The probation department recommended a three-level decrease for acceptance of responsibility.  The guideline range for a defendant with a total offense level of 14 and a Criminal History Category of I is 15 to 21 months custody.  Probation recommended that defendant be sentenced to fifteen months custody, three years of supervised release, a fine of $4,000, and a $50 special assessment.

IV

THE GOVERNMENT'S RECOMMENDATION

The Government disagrees with the pre-sentence total offense level.  Pursuant to the plea agreement, the Government will not seek any upward adjustments pursuant to USSG § 2G2.4 and § 2G2.4(b)(2).  The Government's recommendation was based upon the

2

1  parties' early disposition of the case and defendant's cooperation

2  with the investigating agency.  The Government urges the Court to

3  adopt a base offense level of 13.  The Government agrees that

4  defendant has accepted responsibility for his actions and

5  recommends a two level adjustment for acceptance of

6  responsibility, for an adjusted base offense level of 11.

7  Pursuant to the plea agreement, defendant reserves the right

8  to argue for superacceptance of responsibility and a downward

9  departure for aberrant behavior.  The Government will defer to the

10  Court with respect to these two issues and will recommend a

11  sentence at the low end of the guideline found by the Court.

28

3

## SENTENCING SUMMARY CHART

USPO __
AUSA X
DEF __

Defendant's Name:  Nicholas Anthony PIAZZA    Docket No.  96-0626-J

Guideline Manual Used:  November 1, 1995   Agree With USPO Calc.:    NO

Base Offense Level: _____     13

Specific Offense Characteristics:

None _____     ____

_____     ____

_____     ____

_____     ____

_____     ____

Victim Related Adjustment:     ____

Adjustment for Role in the Offense:     ____

Adjustment for Obstruction of Justice:     ____

Adjustment for Reckless Endangerment During Flight:     ____

Adjustment for Safety Valve     ____

Adjusted offense Level:     ____
__ Combined (Mult. Counts)    __ Career Off.    __ Armed Career Crim.

Adjustment for Acceptance of Responsibility:     -2

Total Offense Level:     11

Criminal History Score:     0

Criminal History Category:     I
__ Career Offender        __ Armed Career Criminal

Guideline Range:                                    from   8
  (Range limited by:  ___ minimum mand.   __ stat. maximum)
                                                    to   14

Departures:

_____     ____

_____     ____

Resulting Guideline Range:                          from  ____

Low end or 8 months custody.                        to   ____

1  ALAN D. BERSIN
   United States Attorney
2  DEBRA R. TORRES-REYES
   Assistant U.S. Attorney
3  California State Bar No. 146724
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-5766

6  Attorneys for Plaintiff
   United States of America

7

8                  UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

   UNITED STATES OF AMERICA,        )    Criminal Case No. 96-626
10                                   )
                 Plaintiff,          )
11                                   )
                      v.             )
12                                   )    PLEA AGREEMENT
   NICOLAS A. PIAZZA,               )
13                                   )
                 Defendant.          )
14                                   )
                                     )
15 _____)

16      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

17 AMERICA, through its counsel, Alan D. Bersin, United States

18 Attorney, and Debra R. Torres-Reyes, Assistant United States

19 Attorney, and defendant, Nicolas A. Piazza, with the advice and

20 consent of Stephen R. Brodsky, counsel for defendant, as follows:

21 //

22 //

23 //

24 //

25 //

26 //

27

28

# I.

## THE PLEA

Defendant agrees to waive indictment and plead guilty to an information charging that defendant did:

> knowingly possess three or more magazines, periodicals, and other matter, which contained visual depictions that had been mailed and transported and shipped in interstate and foreign commerce, and which were produced using materials that had been mailed and shipped and transported in interstate and foreign commerce, and the production of said visual depictions involved the use of minors under the age of eighteen engaged in sexually explicit conduct, and such visual depictions were of such conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

As part of the defendant's guilty plea and the concessions made to the defendant by the Government, defendant agrees to the administratively forfeit to the Government pursuant to 18 U.S.C. § 2253 the following assets: system stack computer; view sonic 20 monitor; computer keyboard; pioneer CD - Rom changer DRM 609X; CA computer power director; ZyXEL U-1496 Modem; IBM Laser Printer 10-type and all other associated hardware and software seized on February 27, 1996 from the defendant's home.

Additionally defendant agrees to relinquish to the Government the adult videotapes the Government seized from his home on February 26, 1995.

In exchange for defendant's guilty plea and his voluntarily forfeiture to the Government of the above listed items, the Government agrees not to seek an indictment against defendant.

## II.

### NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

      1.   That defendant knowingly possessed 3 or magazines, periodicals and other matters which contained visual depictions of minors, namely persons under the age of 18 years, engaging in sexually explicit conduct; and

      2.   The material used to produce said magazines, periodicals and other matters were mailed or shipped or transported in interstate and foreign commerce; and,

      3.   The magazines, periodicals, and other matters containing the visual depictions had been mailed, and transported and shipped in interstate commerce.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

      1.   That on or before February 27, 1995, defendant knowingly possessed the following magazines, listed below:

| Magazine Title | Summary of Content |
| --- | --- |
| 1.   BAMBINA: SEX | Females under the age of 18 years old depicted in lascivious poses exposing the |

3

genitals and *performing* oral-genital sex and other sexually explicit conduct with adults.

Publisher: Exim Trading
Rantzausgade 2 – DK 2200
N. Denmark

2.   BAMBINA: SEX

Females under the age of 18 years old depicted in lascivious poses exposing the genitals and performing oral-genital sex and other sexually explicit conduct with adults.

Publisher:  Exim Trading
Rantzausgade 2 – DK 2200
N. Denmark

3.   BAMBINA: SEX

Females under the age of 18 years old depicted in lascivious poses exposing the genitals and performing oral-genital sex and other sexually explicit conduct with adults.

Publisher:  Exim Trading
Rantzausgade 2 – DK 2200
N. Denmark

4.   BAMBINA: SEX

Females under the age of 18 years old depicted in lascivious poses exposing the genitals and performing oral-genital sex and other sexually explicit conduct with adults.

Publisher: Exim Trading
Rantzausgade 2 – DK 2200
N. Denmark

5.   BAMBINA: SEX

Females under the age of 18 years old depicted in lascivious poses exposing the genitals and performing oral-genital sex and other sexually explicit conduct with adults.

Publisher: Exim Trading
Rantzausgade 2 – DK 2200
N. Denmark

| | | |
|---|---|---|
| 6. | Children-Love | Females under the age of 18 years old depicted in lascivious poses exposing the genitals and performing oral-genital sex and other sexually explicit conduct with adults. |
| | | Publisher:  Kinder-Liebe 25 |
| 7. | Children-Love | Females under the age of 18 years old depicted in lascivious poses exposing the genitals and performing oral-genital sex and other sexually explicit conduct with adults. |
| | | Publisher:  Kinder-Liebe 26 |
| 8. | Children-Love | Females under the age of 18 years old depicted in lascivious poses exposing the genitals and performing oral-genital sex and other sexually explicit conduct with adults. |
| | | Publisher: Kinder-Liebe 27 |

2.    The materials used to produce the magazines listed above were mailed, or shipped or transported in interstate and foreign commerce; and,

3.    The magazines listed above were mailed or shipped or transported in interstate or foreign commerce.

III.

PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A.    a maximum five years in prison;

B.    a maximum $250,000 fine;

C.    a mandatory special assessment of $50.00 per count; and

5

D.  a term of supervised release of at least 3 years but no more than 5 years.  Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

IV.

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.  continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  a speedy and public trial by jury;

C.  the assistance of counsel at all stages of trial;

D.  confront and cross-examine adverse witnesses;

E.  present evidence and to have witnesses testify on behalf of defendant; and

F.  not testify or have any adverse inferences drawn from the failure to testify.

V.

### WAIVER OF RIGHT TO BE PROVIDED WITH
### IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of the Defendant known to the undersigned prosecutor in this case has been turned over to the Defendant.  The

6

1 Government understands it has a continuing duty to provide any
2 information establishing the factual innocence of the Defendant.

3 The Defendant understands that if this case proceeded to
4 trial, the Government would be required to provide impeachment
5 information relating to any informants or other witnesses. In
6 addition, if the Defendant raised an affirmative defense (for
7 example, entrapment or duress), the Government would be required to
8 provide information in its possession that supports such a defense.
9 In return for the Government's promises set forth in this
10 agreement, the Defendant waives the right to this information, and
11 agrees not to attempt to withdraw the guilty plea or to file a
12 collateral attack based on the existence of this information.

13 VI.

14 DEFENDANT'S REPRESENTATION THAT GUILTY
15 PLEA IS KNOWING AND VOLUNTARY

16 Defendant represents that:

17 A. Defendant has had a full opportunity to discuss all the
18 facts and circumstances of this case with defense
19 counsel, and has a clear understanding of the charges and
20 the consequences of this plea;

21 B. No one has made any promises or offered any rewards in
22 return for this guilty plea, other than those contained
23 in this agreement;

24 C. No one has threatened defendant or defendant's family to
25 induce this guilty plea; and

26 D. Defendant is pleading guilty because in truth and in fact
27 defendant is guilty and for no other reason.

28 7

## VII.

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII.

### SENTENCING GUIDELINES

The defendant understands the sentence will be governed by the United States Sentencing Commission, <u>Guidelines Manual</u> ["USSG"]. Defendant has discussed the Guidelines with defense counsel, and understands that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Defendant understands that, under some circumstances, the Court may "depart" from the guidelines and impose a sentence more severe or less severe than the guidelines, up to the maximum in the statute of conviction.

## IX.

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(e)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as

1   to what sentence defendant will receive.   Defendant understands

2   that the sentencing judge may impose the maximum sentence provided

3   by statute, and is also aware that any estimate of the probable

4   sentence by defense counsel is a prediction, not a promise, and is

5   not binding on the court.   Likewise, the recommendation made by the

6   Government is not binding on the court, and it is uncertain at this

7   time what defendant's sentence will be.

8       Defendant also has been advised and understands that if the

9   sentencing judge does not follow any of the parties' sentencing

10  recommendations, defendant nevertheless has no right to withdraw

11  the plea.

12                                X.

13                PARTIES' SENTENCING RECOMMENDATIONS

14      A.   BASE OFFENSE LEVEL AND ADJUSTMENTS

15      The parties will jointly recommend the following Base Offense

16  Level and Adjustments under the Sentencing Guidelines:

17           1.   Base Offense Level § 2G2.4(a)              13

18           2.   Acceptance of Responsibility § 3E1.1       -2

19                                                           11

20      B.   ACCEPTANCE OF RESPONSIBILITY

21      Notwithstanding paragraph A.3 above, the Government will not

22  recommend any adjustment for Acceptance of Responsibility if

23  defendant:

24           1.   Fails to admit a complete factual basis for the

25                plea at the time it is entered, or

26           2.   Denies   involvement   in   the   offense,   gives

27                conflicting statements about that involvement, or

28                                9

1                 is untruthful with the court or probation officer,

2                 or

3       3.    Fails to appear in court, or

4       4.    Engages in additional criminal conduct, or

5       5.    Attempts to withdraw the plea.

6     C.    <u>NO OTHER ADJUSTMENTS ARE RECOMMENDED</u>

7      The parties agree not to recommend any upward or downward

8 adjustments other than those listed above.

9     D.    <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

10      There is no agreement as to defendant's Criminal History

11 Category.

12     E.    <u>DEPARTURES FROM THE GUIDELINES</u>

13      The defendant reserves the right to argue for a downward

14 departure for superacceptance of responsibility and aberrant

15 behavior. The Government reserves its right to oppose defendant's

16 request.

17     F.    <u>"RELEVANT CONDUCT" INFORMATION</u>

18      Defendant agrees that the facts in the "factual basis"

19 paragraph of this agreement are true, and may be considered as

20 "relevant conduct" under USSG § 1B1.3.

21     G.    <u>GOVERNMENT'S RECOMMENDATION REGARDING CUSTODY</u>

22      The Government will recommend that defendant be sentenced to

23 the low end of the guideline range found by the Court. However, if

24 the court adopts an offense level or downward adjustment or

25 departure below the Government's recommendations in this agreement,

26 the Government will recommend a sentence as near as possible to

27

28                        10

1   what the sentence would have been if the Government's
2   recommendations had been followed.

3                                   XI.

4              DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

5        In exchange for the Government's concessions in this plea
6   agreement, defendant waives, to the full extent of the law, any
7   right to appeal or to collaterally attack the conviction and
8   sentence, including any restitution order, unless the court imposes
9   a custodial sentence greater than the high end of the offense level
10  recommended by the Government pursuant to this agreement.  If the
11  custodial sentence is greater than the high end of that range, the
12  defendant may appeal, but the Government will be free to support on
13  appeal the sentence actually imposed.  If defendant believes the
14  Government's recommendation is not in accord with this agreement,
15  defendant will object at the time of sentencing; otherwise the
16  objection will be deemed waived.

17                                  XII.

18          CRIMES AFTER ARREST OR BREACH OF THE AGREEMENT WILL
            PERMIT THE GOVERNMENT TO RECOMMEND A HIGHER SENTENCE
19          OR SET ASIDE THE PLEA

20       This agreement is based on the understanding that defendant
21  has committed no criminal conduct since defendant's arrest on the
22  present charges, and that defendant will commit no additional
23  criminal conduct before sentencing.  If the defendant has engaged
24  in or engages in additional criminal conduct during this period, or
25  breaches any of the terms of this agreement, the Government will
26  not be bound by the recommendations in this agreement, and may

27

28                                  11

1 | recommend any lawful sentence.  In addition, at its option, the
2 | Government may move to set aside the plea.

3 | XIII.

4 | ENTIRE AGREEMENT

5 | This plea agreement embodies the entire agreement between the
6 | parties and supersedes any other agreement, written or oral.

7 | XIV.

8 | MODIFICATION OF AGREEMENT MUST BE IN WRITING

9 | No modification of this plea agreement shall be effective
10 | unless in writing signed by all parties.

11 | XV.

12 | DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

13 | By signing this agreement, defendant certifies that defendant
14 | has read it (or that it has been read to defendant in defendant's
15 | native language).  Defendant has discussed the terms of this
16 | agreement with defense counsel and fully understands its meaning
17 | and effect.

12

XVI.

<u>DEFENDANT SATISFIED WITH COUNSEL</u>

Defendant has consulted with counsel and is satisfied with counsel's representation.

ALAN D. BERSIN
United States Attorney

_3/28/96_
DATED

DEBRA R. TORRES-REYES
Assistant U.S. Attorney

_07/28/96_
DATED

STEPHEN R. BRODSKY
Defense Counsel for
NICOLAS A. PIAZZA

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

_3-28-96_
DATED

NICOLAS A. PIAZZA
Defendant

13

1

2

3                                UNITED STATES DISTRICT COURT

4                              SOUTHERN DISTRICT OF CALIFORNIA

5   UNITED STATES OF AMERICA,        )    Criminal Case No. 96-0626-J
                                     )
6             Plaintiff,             )
                                     )
7        v.                          )    CERTIFICATE OF SERVICE
                                     )    BY MAIL
8   NICHOLAS ANTHONY PIAZZA,         )
                                     )
9             Defendant.             )
    _____)

10       IT IS HEREBY CERTIFIED that:

11       I, Pamela Filipelli, am a citizen of the United States over

12   the age of 18 years and a resident of San Diego County,

13   California; my business address is 880 Front Street, San Diego,

14   California 92101-8893; I am not a party to the above-entitled

15   action; and subsequent to filing with the Clerk of the Court, I

16   will deposit in the United States mail at San Diego, California,

17   in an envelope bearing the requisite postage, a copy of the

18   Government's Sentencing Recommendation and Sentencing Summary

19   Chart, addressed to Stephen R. Brodsky, Esquire, 1010 Second

20   Avenue, Suite 1906, San Diego, California 92101, the last known

21   address at which place there is delivery service of mail from the

22   United States Postal Service.

23       I declare under penalty of perjury that the foregoing is true

24   and correct.

25       Executed on the 14th day of November, 1996.

26

27                                           _____
                                             PAMELA FILIPELLI
28